T.C. Summary Opinion 2008-91

UNITED STATES TAX COURT

RICHARD W. AND SHIRLEY A. WILSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24500-06S.              Filed July 29, 2008.

<u>Michael O'Hare</u>, for petitioners.

<u>Michael W. Bitner</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, in effect for the year in issue.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The sole issue is whether pursuant to section 6662(a) petitioners are liable for an accuracy-related penalty for failing to report their Social Security benefits on their 2004 Federal income tax return.

## Background

The parties have stipulated some facts, which we incorporate herein. When they petitioned this Court, petitioners resided in Nebraska.

In 2004, petitioners received $24,504 in Social Security benefits. On their 2004 joint Form 1040, U.S. Individual Income Tax Return, petitioners did not report any Social Security benefits as income. Their 2004 tax return was prepared by Tax Help, Inc., which had prepared their returns for many years.

On May 22, 2006, respondent sent petitioners a notice that proposed increasing petitioners' 2004 Federal income tax by $5,193 because petitioners had failed to report their Social Security benefits; respondent also proposed a $1,039 accuracy-related penalty pursuant to section 6662(a). Petitioners promptly filed an amended 2004 return which listed their Social Security benefits and reported an additional $5,193 of tax liability. By notice of deficiency, respondent determined a

$1,039 accuracy-related penalty under section 6662(a).

Petitioners filed a timely petition for redetermination.

## Discussion

Section 6662(a) imposes a 20-percent penalty on any portion of an underpayment that is attributable to, among other things, negligence or disregard of rules or regulations. For this purpose, negligence includes any failure to make a reasonable attempt to comply with the tax code; the term "disregard" includes "careless, reckless, or intentional disregard." Sec. 6662(c).

No penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was reasonable cause and that the taxpayer acted in good faith. See sec. 6664(c). Whether a taxpayer acted in good faith depends upon the facts and circumstances of each case. See sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on a professional return preparer may be reasonable and in good faith if the taxpayer establishes: (1) The return preparer had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the return preparer; and (3) the taxpayer actually relied in good faith on the return preparer's judgment. Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

There is no dispute that petitioners failed to report their Social Security income on their 2004 return, resulting in an underpayment. Respondent has met his burden of production under section 7491(c).

Petitioners failed to demonstrate reasonable and good faith reliance on their tax return preparer. In fact, at the trial petitioners' attorney, who is also an accountant and employed at Tax Help, Inc., did not pursue this defense in any meaningful way but instead rested his case on the baseless contention that the Commissioner's alleged failure to impose the section 6662(a) penalty in allegedly analogous situations involving other unidentified taxpayers means that the section 6662(a) penalty cannot be sustained in this case.[2]

At trial, petitioner husband conceded that petitioners signed their Form 1040 without looking at the first page, wherein the line calling for the reporting of Social Security benefits was left blank. We are unable to conclude on this record that petitioners' reliance on their return preparer was reasonable, that they provided their return preparer all necessary information, or that they exercised the due care of ordinarily prudent persons in failing even to look at the first page of

---

[2] Insofar as they might be indicative of the nature or quality of advice dispensed at Tax Help, Inc., petitioners' attorney's contentions tend to call into question whether the return preparer had sufficient expertise to justify petitioners' reliance.

their return before signing it.  The understatement is due to negligence and careless disregard of rules and regulations within the meaning of section 6662(c), and petitioners are liable for the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.